FILED

April 9 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 08-0129

2008 MT 117

_____

CHRISTOPHER KENTON DYER, aka
CHRISTOPHER KENTON RUCKER,

       Petitioner,

       v.

MIKE MAHONEY, Warden, and the STATE OF
MONTANA,

       Respondents.

O P I N I O N

A N D

O R D E R

_____

¶1    On March 6, 2008, Christopher Kenton Dyer, aka Christopher Kenton Rucker (Dyer), via the Office of the State Public Defender (OSPD), filed a Petition for Writ of Habeas Corpus. Dyer seeks habeas relief on the basis that he is currently serving a twenty-year sentence for aggravated kidnapping at the Montana State Prison (in addition to time imposed on three other charges), when both the Information and the Plea Agreement stated that he would receive a maximum of ten years on that charge. Accordingly, Dyer claims to be illegally incarcerated. He seeks an order from this Court obligating the sentencing court to reduce his sentence for aggravated kidnapping to a maximum term of imprisonment of ten years.

¶2    On March 19, 2008, this Court entered an Order directing OSPD to file a document explaining the statutory or other authority upon which it relied in appearing for and seeking habeas relief on behalf of Dyer. In response, Dyer filed a motion requesting

1

that we order OSPD to assign an attorney to assist him in his habeas proceedings, pursuant to § 47-1-104(a)(v), MCA. This motion is now before us.

¶3 Pursuant to § 46-8-101(2), MCA, a defendant who is charged with a felony or a misdemeanor offense for which incarceration upon conviction is a sentencing option, and who desires assigned counsel because of financial inability to retain private counsel, is entitled to the assignment of counsel, and a court is obligated to order OSPD to provide such counsel without unnecessary delay. Once assigned, counsel is statutorily required to continue representation of the defendant through final judgment, including any proceeding upon direct appeal to this Court, unless relieved by order of the court that assigned counsel or has jurisdiction over the case. Section 46-8-103(1), MCA. Thus, OSPD is mandated by statute to provide representation to qualified defendants in such cases.

¶4 Among the proceedings for which counsel *may* be assigned, presuming the requisite indigency of the client, are habeas corpus proceedings. Section 47-1-104(4)(a)(vi), MCA. In such proceedings, appointment of OSPD is optional but is not mandated, as is the case for those proceedings outlined in ¶ 3.

¶5 We are mindful that there are many instances in which a defendant or petitioner may perceive the need for appointed counsel to effectively present a habeas petition, and that circumstances may indeed compel the appointment of counsel for good cause and in the interests of justice. However, we are also aware that the resources of OSPD are already overtaxed, given its obligation to represent the hundreds of defendants who are entitled by circumstances and statute to the appointment of counsel. We are concerned

2

that if we start routinely appointing OSPD to represent petitioners in habeas proceedings upon pro forma motion, OSPD will be overrun with such requests and its ability to effectively represent its statutory clientele will be significantly compromised. Therefore, we deem it necessary to require more than a simple motion before we will appoint the OSPD to represent persons seeking habeas relief.

¶6    Henceforth, we will appoint OSPD to represent persons seeking habeas relief only upon a demonstration of good cause that affirmatively moves our discretion to appoint. A showing of likelihood that the sentence of the person seeking relief is illegal and will be shortened or terminated should habeas relief be granted will be required before we will make an appointment. A statement that the applicant is untrained or unskilled in the law will be insufficient, without more, to establish good cause.

¶7    Here, we conclude that such a showing of good cause for the appointment of OSPD has not been made. We further conclude that Dyer's petition for habeas relief must be denied. Dyer provides no authority for the proposition that the District Court was obligated to sentence him to 10 years for the offense of aggravated kidnapping. While the Plea Agreement referenced a maximum sentence of 10 years for the offense, Dyer knew what the charge against him was, and that the statutory maximum for such charge was 100 years. Moreover, Dyer acknowledged when entering into the plea agreement that the maximum sentence that could be imposed against him on the four counts to which he pled guilty was fifty years, and this is in fact the total sentence that was imposed. Lastly, the sentence imposed for aggravated kidnapping was not illegal. A

3

showing of illegality is required before habeas relief will be granted. Section 46-22-101, MCA. Therefore,

IT IS HEREBY ORDERED that Dyer's request for the appointment of counsel is DENIED.

IT IS FURTHER ORDERED that Dyer's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that this Opinion and Order be served upon all counsel of record.

DATED this 9TH day of April, 2008.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS


Chief Justice Karla M. Gray, specially concurring.


¶8    I concur in the Court's opinion. I write separately to add my views on subissues the Court, perhaps understandably at this juncture, does not address.

¶9    The Court mentions that the OSPD—via the appellate defender's office—filed Dyer's petition for writ of habeas corpus. The Court does not mention that the same

4

office also filed Dyer's motion requesting that we order the OSPD to assign an attorney to assist in Dyer's habeas proceedings. The Court also fails to note that the OSPD determined Dyer was financially eligible for public defender services prior to requesting counsel on his behalf.

¶10 I see nothing in the Public Defender Act, or other Montana statutes, that authorizes the OSPD to pre-screen a potential client for financial eligibility for its services or, having done so, to represent the potential client via a motion requesting counsel prior to such time as the OSPD has been assigned to represent the petitioner. Thus, while the Legislature did provide for the discretionary assignment of counsel to a habeas petitioner, it is my view that the actions taken by the OSPD here—in screening and representing Dyer prior to being assigned to do so—were not within the Legislature's contemplation. I would encourage the OSPD to seek legislation to achieve the goal sought here.


/S/ KARLA M. GRAY

5